MISSISSIPPI STATE HIGHWAY COMMISSION *v.* LITTLE

No. 43769          January 31, 1966          182 So. 2d 392

*John K. Keyes,* Collins, for appellant.

*John P. Little,* Mount Olive, pro se.

GILLESPIE, P. J.

This is an appeal from a judgment of the Circuit Court of Covington County in an eminent domain case. The Mississippi State Highway Commission sought to condemn the lands hereinafter described, for the right-of-way in connection with the reconstruction of U. S. Highway No. 49 in Covington County. The case was heard in the Special Court of Eminent Domain, and the landowners, J. P. Little and others, were awarded damages of $7,500.00. The Commission appealed to the circuit court, and the jury in that court awarded landowners damages in the amount of $6,000.00, and from this judgment, the Commission prosecuted an appeal to this Court.

The question for our decision is whether the evidence justified the finding by the jury that the landowners sustained damages to the extent of $6,000.00. We find the evidence sufficient, and affirm the case.

The landowners own 20 acres of land lying just outside the eastern corporate limits of the town of Mt. Olive. This 20 acres is bound on the west by a paved road, which constitutes the eastern boundary of the town of Mt. Olive. The right-of-way sought to be condemned by the Commission runs from northwest to southeast across the northern part of said 20-acre tract. The right-of-way would cover 5.72 acres of land and would sever .28 acres, which would be left on the northeast corner of the 20-acre tract.

The remaining 14 acres of land would lie to the south of the new four-lane highway, the southern edge of the right-of-way of the new highway being about 100 feet from the residence located on the property. The actual traveled portion of the new highway would be 246 feet from the dwelling house on the property. Land-

owners would continue to have access to the road along the west side of their tract. The landowners were not represented by a lawyer, but J. P. Little, one of them, undertook to handle the case for the landowners. The only evidence on the question of damages was offered by the highway department, who introduced three qualified appraisers. According to these witnesses, the fair market value immediately before the taking ranged from $12,800.00 to $16,800.00, and the fair market value of the remaining property after the construction of the highway, from $9,050.00 to $13,500.00. These witnesses estimated the damages at $3,500.00, $3,300.00 and $3,750.00, respectively.

Landowners did not offer any witnesses on the question of the amount of damages, but one of their number elicited significant evidence in cross-examining the Commission's witnesses. It was shown that a large factory is located on the adjoining 40 acres of land, that the property is well located for building lots, and its highest and best use in the immediate future is for development as building lots. It was also shown by the Commission's witnesses that lots similarly situated with reference to the corporate limits were selling as high as $1,500.00. The Commission contends that the jury had no evidence that landowners were damaged to the extent of $6,000.00 and that the jury ignored the evidence, and used their own knowledge based on the jury's view of the land.

The highest estimate of the before value was $16,800.00 and the lowest estimate of the after taking value was $9,050.00. The highest and best use of the property in the immediate future is for use as building lots. Lots similarly situated had sold for as high as $1,500.00. The jury could take into account all these facts and conclude that landowners were damaged to the extent of $6,000.00. It cannot be said that there is no substantial evidence to support the verdict.

██ █ Since the evidence on which the jury based its verdict consisted of the testimony of the Commission's witnesses, we find no basis for the argument that the verdict is so excessive as to evince passion, prejudice and bias on the part of the jury.

Affirmed.

*Jones, Brady, Inzer and Smith, JJ.,* concur.